IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GERALD HAIDYS                                                                                    PLAINTIFF

vs.                                          CIVIL NO.03-3040

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                DEFENDANT

### MEMORANDUM OPINION

Gerald Haidys (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on January 18, 2000, alleging disability beginning January 31, 1998, due to post-traumatic stress disorder, anxiety, panic attacks, agoraphobia, and depression. (Tr. 79-81). An administrative hearing was held on October 30, 2001. (Tr. 314-315). On January 17, 2002, the Administrative Law Judge ("ALJ"), issued an unfavorable decision. (Tr. 41-48). On appeal to the Appeals Council, the case was remanded to the ALJ. (Tr. 62-67). A supplemental administrative hearing was held on November 21, 2002. (Tr. 346-365). Plaintiff was present and represented by counsel.

At the time of the hearing, plaintiff was forty-seven years old, and possessed a high school education. (Tr. 12). He had past relevant work ("PRW") as a field service engineer, telecommunications installer, and teacher. (Tr. 12).

On January 30, 2003, the ALJ issued a written decision finding that plaintiff's condition was severe, but did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity ( "RFC") to perform simple, routine tasks, and task-oriented jobs that do not involve interaction with the general public. However, he noted that plaintiff could interact appropriately with supervisors and co-workers. (Tr. 20). Although he determined that plaintiff could not return to his PRW, with the assistance of a vocational expert, the ALJ found that plaintiff could still perform the positions of electronics assembler, machine tender, assembly handler, assembly handworker, and poultry worker. (Tr. 20).

The Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties were afforded the opportunity to file appeal briefs, but plaintiff chose not to do so. (Doc. # 12).

**Discussion:**

The issue before this court is whether the Commissioner's decision is supported by substantial record evidence. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Id*. *See also Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). "However, our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision.' Nevertheless, as long as there is substantial evidence in the record to support the Commissioner's decision, we will not reverse it simply because substantial evidence exists in the

record that would have supported a different outcome, *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995), or 'because we would have decided the case differently.'" *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001)(citations omitted).

A five-part analysis is utilized in social security disability cases. *See e.g., Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). Applying this analysis, the ALJ must determine, sequentially, the following: 1) whether the claimant is employed; 2) whether the claimant has a severe impairment; 3) whether the impairment meets a listed impairment; 4) whether the impairment prevents the claimant from doing past work; and 5) whether the impairment prevents the claimant from doing any other work. *Id*.; *see also* 20 C.F.R. § 404.1520.

If the claimant fails at any step, the ALJ need not continue. "The claimant carries the burden of establishing that [he] is unable to perform [his] past relevant work, i.e., through step four, at which time the burden shifts to the Commissioner to establish that [he] maintains the residual functional capacity to perform a significant number of jobs within the national economy." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001)(citing *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)).

**Discussion:**

Of particular concern to the undersigned is the fact that the record does not contain a physical RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer*

3

*v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "

The evidence in the record indicates that plaintiff suffered from degenerative changes with lateral joint compartment narrowing and some bony spurring in the left knee and degenerative disc disease of the lumbar spine. (Tr. 169, 234, 247). Because the record does not contain a physical RFC assessment indicating how these impairments affect plaintiff's physical abilities, we believe that remand is necessary to allow the ALJ to obtain said assessment. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have treated plaintiff, asking the physicians to review plaintiff's medical records; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

On remand, the ALJ is also directed to reevaluate the evidence concerning plaintiff's mental impairment. Records from the Veterans Administration dated May 1999, indicate that plaintiff met

the DSM-4 criteria for major depression. (Tr. 242). He had clinically significant distress and impairment associated nearly daily with five of the nine criteria over a period of at least two weeks. Plaintiff reported a depressed/irritable mood most of the day, markedly diminished interest or pleasure in almost all activities most of the day, insomnia, loss of energy/fatigue, and feelings of worthlessness. (Tr. 242). Additional medical records indicate that plaintiff suffered from chronic depression and reported suicidal ideations on numerous occasions. (Tr. 208, 217, 224, 227, 238, 266, 268, 274, 282, 285, 297-298). Further, Dr. Stephen R. Harris completed a mental status evaluation of plaintiff on September 20, 2002. (Tr. 296-299). He concluded that plaintiff had an average range of intellect, but was suffering from physical conditions and a schizoaffective disorder. (Tr. 298). Dr. Harris then completed an RFC assessment noting that plaintiff had marked limitations regarding his ability to carry out short, simple instructions; carry out detailed instructions' make judgment on simple work-related decisions; interact appropriately with the public; interact appropriately with supervisors; interact appropriately with co-workers; and, respond appropriately to changes in a routine work setting. (Tr. 300-301). Further, he also concluded that plaintiff had marked limitations regarding his ability to respond appropriately to work pressures in a usual work setting. (Tr. 301).

Given this evidence, we find that the ALJ's RFC assessment, concluding that plaintiff could perform simple, routine tasks; task-oriented jobs that did not involve interaction with the general public, and, interact appropriately with supervisors and co-workers, is not supported by substantial evidence. Accordingly, we believe that remand is necessary to allow the ALJ to reevaluate the evidence concerning plaintiff's mental impairment. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and, therefore, the denial of benefits to the plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this the 20th day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE